9-1-15

68,962-07

Dear Clerk of Court,

Enclosed is a letter; and copy of my Art. §11.07 supplemented to the trial court. You may need to specifically instruct the trial court to respond to this one because they won't address the invalid indictment or the issues raised in the subsequent applications I filed over the last several years.

Thank You!

Tracy Gibson

RECEIVED IN
COURT OF CRIMINAL APPEALS
SEP 08 2015
Abel Acosta, Clerk

TRACY RAY GIBSON #1436824

MARK STILES UNIT

3060 FM 3514

BEAUMONT, TEXAS 77705-7635


AUGUST 31st, 2015


145th SUPERIOR DISTRICT COURT               RE: TRIAL COURT NO.:

NACOGDOCHES COUNTY                          F149622007

101 W. MAIN ST., ROOM 120                   WR-68.962-01

NACOGDOCHES, TEXAS 75961


Dear Clerk of Court,

Mrs. Loretta Cammack:


As of JULY 1st, 2015, the Criminal Court of Appeals has "reconsidered" the Denial of my filing Article § 11.07 of the Texas Code of Criminal Procedure. The Court Denied the Application without written order on JANUARY 9th, 2008. The Cause of action of the arguement(s) and dispute over the material of facts has now been remanded back to the Trial Court.

I am in receipt of your Supplemental Clerk's Record by institutional legal-mail on the Mark Stiles Unit. After reveiwing it, it has come to my attention that the "Order To Deny"...is responding to one of my subsequent filings of Article § 11.07 dated NOVEMBER 10, 2014. The Original Filing was on AUGUST 2, 2007, with the Criminal Court of Appeals. This Trial Court (145th) has not addressed all the Grounds stated in either Application. The (2) Two Main Issues originally raised were (1) Ineffective Assistance of Counsel, and (2) Defective Indictment that omitted a Deadly Weapon finding.

The Filing of Article § 11.07 in NOVENBER, 2014, raises the "Irreversable - Errors" the 145th Superior District Court has caused during the time I have been incarcerated, and causing unreasonable delay. I was entered into TDCJ in JUNE, 2007, [SEE INMATE RECORDS "Time-Slips"]. This Court has not addressed the claim I stated in the Original Article § 11.07, about the Indictment omitting a Deadly Weapon finding, which makes the Indictment invalid, anf why didn't my Court Appointed Attorney Mr. Gene Caldwell communicate to me in a "private Conference" this clear point in law that would have a detrimental impact on the decision process to enter into

(CONTINUED)

1

'Plea Bargain' intelligently, and or knowingly?

Furthermore, the Reporter's Record included in the Court's Supplemental Clerk's Record has excluded in the Transcripts the oral pronouncement of the provisions of Article § 42.12 3(g) Offense, that is required when seeking a conviction for Aggravated Robbery, VTCA § 29.03 .

In conclusion all Filings of Article § 11.07 Applications of Texas Code of Criminal Procedure over the last 8 Years, 4 Months and on-going has been BECAUSE of this Trial court's unreasonable delay to appropriately comply with Texas Code of Criminal Procedure Article § 12.01 to present re-indictment within the limits, and not afterward: (4) Five Years from the date of the commission of the offense, (a) Theft or Robbery.

It has been the "Irreversible Errors" caused by this Court's failure and neglect, and unreasonable delay that allows me to invoke an "Interlocutory - Appeal", because the "Irreversible Errors" have violated my Constitutional rights protected by the 4th and 15th Amendments of Due Process Of Law. This Trial court conducted a criminal court proceeding: "Nunc Pro Tunc" on 10.15.2007 outised of my presence, and neglected to forward a photocopy of the "Nunc Pro Tunc Order" to TDCJ Records Division until (5) Five Years after the fact, to which TDCJ Records Division was in receipt of the post conviction order on DECEMBER, 2012.

I am hereby requesting this Trial court return - reply to all contents of this letter within (10) Ten Working Days from the date this letter is received. Failure to comply will result in this letter being "Notice ToThisCourt" as to my interest to filing an "Interlocutory Appeal" The Criminal court has inflicted Irreparable Injury, i.e. incarceration, upon me.

Respectfully Submitted and executed by me on this 3l Day Of AUGUST, 2015.

TRACY RAY GIBSON

TDCJ-CID NO. 1436824
MARK STILES UNIT
3060 FM 3514
BEAUMONT, TEXAS 77705-7635

CAUSE NO. F149622007

| | | |
|---|---|---|
| TRACY GIBSON #1436824, | § | IN THE 145TH JUDICIAL |
| (Applicant) Pro se, | § | |
| | § | |
| VS. | § | DISTRICT COURT OF |
| | § | |
| STATE OF TEXAS | § | |
| 145TH SUPERIOR DISTRICT | § | NACOGDOCHES COUNTY, TEXAS |
| NACOGDOCHES COUNTY | § | |
| 101 W. MAIN ST., ROOM 120 | § | |
| NACOGDOCHES, TEXAS 75961 | § | |

"APPLICANT'S MOTION REQUESTING LEAVE OF COURT
*Supplement*
TO AMEND ORIGINAL ART. § 11.07 WRIT OF HABEAS CORPUS

COMPLAINT SEEKING RELIEF FROM FINAL FELONY CONVICTION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES TRACY GIBSON #1436824, Pro se Applicant, in this cause with this
Applicant's Motion Requesting Leave of Court To ~~Amend~~ *Supplement* Original Art.§ 11.07 Writ
of Habeas Corpus Complaint Seeking Relief From Final Felony Conviction and will
show:

### JURISDICTION

This Court has Jurisdiction in this matter Pursuant to Texas Rules Of
Appellate Procedure Rule 72.1 .

Applicant hereby presents to this Court an Application For Writ Of Habeas
Corpus Seeking Relief From Final Felony Conviction under Code of Criminal Proc-
edure, Article § 11.07; wherein Applicant has ~~Amended~~ *Supplement* the complaint originally
filed AUGUST 2nd, 2007, to include the irreversible errors and irreparable
injury this Court's unreasonable delay(s) has caused. The original complaint
stated (2) Two Major Grounds:(1) Ineffective Assistance Of Counsel,and (2)
Defective/Invalid Indictment.

1

Applicant, comes now, to include the following Irreversible Errors and Irreparable Injury to be included in the Original Complaint because of the Trial Court's unreasonable delay,

(1) Trial Court conducted a "Nunc Pro Tunc" proceeding outside the presence of Applicant, denying me access to courts and:

(2) 'Nunc Pro Tunc' Order wasn't delivered to TDCJ-Records Division until (5) Five Years after the fact. It wasn't received until DECEMBER, 2012:

(3) Trial Court is in non-compliance with Texas Code of Criminal Procedure Article § 12.01 to present reindictment within the limit and not afterward according to (4) five years from the date of the commission of the offense, for (a) theft/robbery. Statute of Limitations to present reindictment for a lesser included offense for VTCA Penal Code § 29.02 Robbery, has expired because Applicant has been in custody of the State of Texas since MARCH 3rd, 2007 .

(4) Prosecutorial Misconduct by the District Attorney's Office in Nacogdoches County, utilized an invalid indictment, and "Nunc Pro Tunc" Order that can only correct "Clerical Errors" was deployed for a conviction in a plea-bargain, with Applicant unintellegently and unknowingly.

## CONCLUSION

The above mentioned causations are to be included in the Original Complaint because of the Trial Court's "Irreversible Errors" caused the "Irreparable Injury" suffered by incarceration.

## RELIEF AND PRAYER

Now Comes Applicant, seeking the prayer and relief in accordance to Texss Rules of Appellate Procedure Rule 43.2(e) Vacate Trial Court's Judgement and Dismiss the case entirely. Furthermore, it's in the interest of Applicant to exhaust all legal remedies available to him by invoking Texas Rule of Appellate Procedure Rule 44.4(b) that the Criminal Court of Appeals to direct the Trial Court to correct the error or error(s). It is also of interest to Applicant that prayer and relief sought after be accelerated in accordance to T.R.A.P. Rule 28.1

2

and to invoke an Interlocutory Appeal, because violations of constitutional rights have come from the criminal proceedings.

## CERTIFICATE OF SERVICE

Applicant, hereby Certifies, that under penalty of perjury, that by use of the United States Postal Services, has had delivered Amended Complaint and Applicant's Motion Requesting Leave Of Court To Amend Complaint to the Triel Court, 145th Judicial District, Nacogdoches County, Texas 75961 101 W. Main Street, Room 120, Nacogdoches, Texas 75961, and being addressed to the Clerk of the Court, Mrs. Loretta Cammack.

Respectfully submitted and executed by me on this 31st Day of AUGUST, 2015.


TRACY GIBSON

TDCJ-CID NO. 1436824

MARK STILES UNIT

3060 FM 3514

BEAUMONT, TEXAS 77705-7635

3

# NOTICE

## INMATE NOTARY PUBLIC SERVICE

Under both Federal Law (28 U.S.C. § 1746) and State Law (V.T.C.A. Civil Practice & Remedies Code, & 132.001-132.003), inmate incarcerated in Texas may use an unsworn declaration under penalty of perjury in place of a written declaration, verification, clarification, oath, or affidavit sworn before a Notary Public. An example of an unsworn declaration is as follows:

## Unsworn Declaration

I, Offender ___Tracy Gibson___, TDCJ Number __143 6824__ am presently incarcerated at the **Mark W. Stiles Unit** of the Texas Department of Criminal Justice in **Jefferson County, Texas** declare under penalty of perjury that the above is true and correct.

Signed on the __31st__ day of __August__, 20 __15__.

___Tracy Gibson___
Printed Name

___Tracy Gibson___
Signature

Unsworn Declaration

*Amended Complaint*
Supplement

# COURT OF CRIMINAL APPEALS OF TEXAS
## APPLICATION FOR A WRIT OF HABEAS CORPUS
## SEEKING RELIEF FROM FINAL FELONY CONVICTION
## UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

### INSTRUCTIONS

1. You must use the complete form, which begins on the following page, to file an application for a writ of habeas corpus seeking relief from a final felony conviction under Article 11.07 of the Code of Criminal Procedure. (This form is not for death-penalty cases, probated sentences which have not been revoked, or misdemeanors.)

2. The district clerk of the county in which you were convicted will make this form available to you, on request, without charge.

3. You must file the entire writ application form, including those sections that do not apply to you. If any pages are missing from the form, or if the questions have been renumbered or omitted, your entire application may be dismissed as non-compliant.

4. You must make a separate application on a separate form for each judgment of conviction you seek relief from. Even if the judgments were entered in the same court on the same day, you must make a separate application for each one.

5. Answer every item that applies to you on the form. Do not attach any additional pages for any item.

6. You must include all grounds for relief on the application form as provided by the instructions under item 17. You must also briefly summarize the facts of your claim on the application form as provided by the instructions under item 17. Each ground shall begin on a new page, and the recitation of the facts supporting the ground shall be no longer than the two pages provided for the claim in the form.

7. Legal citations and arguments may be made in a separate memorandum that complies with Texas Rule of Appellate Procedure 73 and does not exceed 15,000 words if computer-generated or 50 pages if not.

8. You must verify the application by signing either the Oath Before Notary Public or the Inmate's Declaration, which are at the end of this form on pages 11 and 12. You may be prosecuted and convicted for aggravated perjury if you make any false statement of a material fact in this application.

9. When the application is fully completed, mail the original to the district clerk of the county of conviction. Keep a copy of the application for your records.

10. You must notify the district clerk of the county of conviction of any change in address after you have filed your application.

Rev. 01/14/14

Case No. _____
(The Clerk of the convicting court will fill this line in.)

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## APPLICATION FOR A WRIT OF HABEAS CORPUS
## SEEKING RELIEF FROM FINAL FELONY CONVICTION
## UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

NAME: _Tracy Ray Gibson #_____

DATE OF BIRTH: _11-25-76_____

PLACE OF CONFINEMENT: _Mark Stiles Unit_____

TDCJ-CID NUMBER: _1436824_____ SID NUMBER: _____

(1)    This application concerns (check all that apply):

    ☒ a conviction          ☐ parole

    ☒ a sentence          ☐ mandatory supervision

    ☐ time credit          ☐ out-of-time appeal or petition for discretionary review

(2)    What district court entered the judgment of the conviction you want relief from? (Include the court number and county.)

_145th Superior District of Nacogdoches County._

(3)    What was the case number in the trial court?

_F14962-2007-A_

(4)    What was the name of the trial judge?

_Campbell Cox II_

Rev. 01/14/14

**(5)    Were you represented by counsel? If yes, provide the attorney's name:**

Gene W. Caldwell

**(6)    What was the date that the judgment was entered?**

5-2-07

**(7)    For what offense were you convicted and what was the sentence?**

Aggravated Robbery ; 20 years

**(8)    If you were sentenced on more than one count of an indictment in the same court at the same time, what counts were you convicted of and what was the sentence in each count?**

F1496 32007        10 Years

F1496 42007        2 Years

**(9)    What was the plea you entered? (Check one.)**

☐ guilty-open plea          ☒ guilty-plea bargain
☐ not guilty               ☐ *nolo contendere*/no contest

If you entered different pleas to counts in a multi-count indictment, please explain:

Not applicable

**(10)   What kind of trial did you have?**

☒ no jury

☐ jury for guilt and punishment
☐ jury for guilt, judge for punishment

2

(11) Did you testify at trial? If yes, at what phase of the trial did you testify?

_____ Not applicable _____

(12) Did you appeal from the judgment of conviction?

☐ yes          ☒ no

If you did appeal, answer the following questions:

(A) What court of appeals did you appeal to? ___ N/A ___

(B) What was the case number? ___ N/A ___

(C) Were you represented by counsel on appeal? If yes, provide the attorney's name:

___ N/A ___

(D) What was the decision and the date of the decision? ___ N/A ___

(13) Did you file a petition for discretionary review in the Court of Criminal Appeals?

☐ yes          ☒ no

If you did file a petition for discretionary review, answer the following questions:

(A) What was the case number? ___ N/A ___

(B) What was the decision and the date of the decision? ___ N/A ___

(14) Have you previously filed an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure challenging *this conviction*?

☒ yes          ☐ no

If you answered yes, answer the following questions:

(A) What was the Court of Criminal Appeals' writ number? WR-48,962-01

3

Rev. 01/14/14

(B) What was the decision and the date of the decision? <u>1-8-08 dismissed without written order.</u>

(C) Please identify the reason that the current claims were not presented and could not have been presented on your previous application.

<u>The current claims could not be raised because of the "unreasonable delay" caused by the 145th Superior Dist. Court of Nacogdoches County.</u>

(15) Do you currently have any petition or appeal pending in any other state or federal court?

☐ yes        ☒ no

If you answered yes, please provide the name of the court and the case number:

<u>N/A</u>

(16) If you are presenting a claim for time credit, have you exhausted your administrative remedies by presenting your claim to the time credit resolution system of the Texas Department of Criminal Justice? (This requirement applies to any final felony conviction, including state jail felonies)

☐ yes        ☒ no

If you answered yes, answer the following questions:

(A) What date did you present the claim? <u>N/A</u>

(B) Did you receive a decision and, if yes, what was the date of the decision?

<u>N/A</u>

If you answered no, please explain why you have not submitted your claim:

4

Rev. 01/14/14

I received all of my county time.

(17) Beginning on page 6, state *concisely* every legal ground for your claim that you are being unlawfully restrained, and then briefly summarize the facts supporting each ground. You must present each ground on the form application and a brief summary of the facts. *If your grounds and brief summary of the facts have not been presented on the form application, the Court will not consider your grounds.* If you have more than four grounds, use pages 14 and 15 of the form, which you may copy as many times as needed to give you a separate page for each ground, with each ground numbered in sequence. The recitation of the facts supporting each ground must be no longer than the two pages provided for the ground in the form.

You may include with the form a memorandum of law if you want to present legal authorities, but the Court will *not* consider grounds for relief set out in a memorandum of law that were not raised on the form. The citations and argument must be in a memorandum that complies with Texas Rule of Appellate Procedure 73 and does not exceed 15,000 words if computer-generated or 50 pages if not. If you are challenging the validity of your conviction, please include a summary of the facts pertaining to your offense and trial in your memorandum.

5

**GROUND ONE:**

denied access to courts

**FACTS SUPPORTING GROUND ONE:**

My trial court conducted a criminal court proceeding; that I have a constitutional right to be present at; was held outside of my presence. I was in the custody of Texas Department of Criminal Justice (TDCJ) at the Torres Unit in Hondo, Tx. from June, 2007; to Jan/Feb. 2008. The trial court denied me access to courts by neglecting and failing to "bench-warrant" me back to court for a "Nunc Pro tunc" criminal court proceeding, it conducted on 10-15-07 at 1:54 P.M. The remedy corrected a "judicial error"; being that my indictment omitted a deadly weapon finding.

Rev. 01/14/14

Rev. 01/14/14

**GROUND TWO:**

due process

**FACTS SUPPORTING GROUND TWO:**

I was not allowed to be notified or attend, in person, the criminal court Proceeding; held by my trial court on 10-15-07. The trial court also did not forward a copy of the post-conviction nunc pro tunc order to TDCJ-Records Division until I contacted an SCFO-attorney; Mrs. Kaylie Elworth; who complied with my instructions to contact TDCJ-Records Division; (5) five years after the fact in December, 2012. The institutional law-library representative; Mr. Garcia; monitored the legal-phone call on the McConnell Unit; while I was in Ad/Seg.

8

Rev. 01/14/14

9

Rev. 01/14/14

**GROUND THREE:**

invalid indictment / reindictment

**FACTS SUPPORTING GROUND THREE:**

Not only was the original indictment invalid, for omitting a deadly weapon finding; but the trial court (145th Dist.) is in violation for not complying with Texas Criminal Code and Procedure Article § 12.01; reindictments may be presented within the limits and not afterward: (4) five (5) years from the date of the commission of the offense; (a) for theft / robbery. I have been in the custody of TDCJ-ID ever since June, 2007; but I've been credited my county-jail time since March 3rd, 2007.

Rev. 01/14/14



11

**GROUND FOUR:**

Prosecutorial Misconduct

**FACTS SUPPORTING GROUND FOUR:**

The prosecutor for the State of Texas in the 145th Dist. of Nacosdoches County; used an invalid indictment; and improperly utilized legal remedy to correct a "judicial error". Nunc Pro tunc orders are only allowed to correct "clerical errors" and the omittance of a deadly weapon finding is in the rendition of judgement.

Rev. 01/14/14

Rev. 01/14/14

**GROUND:**

unreasonable delay / irreparable injury

**FACTS SUPPORTING GROUND:**

The 145th Dist. Court of Nacogdoches County is responsible for causing unreasonable delay that has prevented me from complying with court rules to file legal motions in a prompt and timely fashion. Because of the trial courts unreasonable delay and irreversible errors I have not been able to comply with the appellate court rules. The trial courts irreversible errors are the direct cause of my irreparable injury to be free from incarceration which infringes on my liberty interests.

14

Rev. 01/14/14

15.

**WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.**

**VERIFICATION**

This application must be verified or it will be dismissed for non-compliance. For verification purposes, an applicant is a person filing the application on his or her own behalf. A petitioner is a person filing the application on behalf of an applicant, for example, an applicant's attorney. An inmate is a person who is in custody.

The inmate applicant must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public. If the inmate is represented by a licensed attorney, the attorney may sign the "Oath Before a Notary Public" as petitioner and then complete "Petitioner's Information." A non-inmate applicant must sign the "Oath Before a Notary Public" before a notary public unless he is represented by a licensed attorney, in which case the attorney may sign the verification as petitioner.

A non-inmate non-attorney petitioner must sign the "Oath Before a Notary Public" before a notary public and must also complete "Petitioner's Information." An inmate petitioner must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public and must also complete the appropriate "Petitioner's Information."

**OATH BEFORE A NOTARY PUBLIC**

STATE OF TEXAS

COUNTY OF _____

_____, being duly sworn, under oath says: "I am the applicant / petitioner (circle one) in this action and know the contents of the above application for a writ of habeas corpus and, according to my belief, the facts stated in the application are true."

_____
Signature of Applicant / Petitioner (circle one)

SUBSCRIBED AND SWORN TO BEFORE ME THIS _____ DAY OF _____, 20_____.

_____
Signature of Notary Public

16

Rev. 01/14/14

## PETITIONER'S INFORMATION

Petitioner's printed name: _____

State bar number, if applicable: _____

Address: _____

_____

_____

Telephone: _____

Fax: _____

## INMATE'S DECLARATION

I, _____, am the applicant / petitioner (circle one) and

being presently incarcerated in _____, declare under penalty of

perjury that, according to my belief, the facts stated in the above application are true and correct.

Signed on _____, 20 _____.

_____
Signature of Applicant / Petitioner (circle one)

17

Rev. 01/14/14

**PETITIONER'S INFORMATION**

Petitioner's printed name: _____

Address: _____

           _____

           _____

Telephone: _____

Fax: _____

Signed on _____, 20_____

_____
Signature of Petitioner

18

Rev. 01/14/14